UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MARIA SANCHEZ and ROBERT SANCHEZ, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-42-PPS-JPK |
| | ) | |
| SPEEDWAY LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must remand this action if the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). As the party seeking federal jurisdiction, Defendant has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant Speedway LLC removed this action from state court on February 3, 2023. The Notice of Removal asserts this case is removable under 28 U.S.C. § 1441(b) because "[t]he matter in controversy exceeds $75,000.00, exclusive or interests and costs …." [DE 1 ¶ 4]. Although Defendant does not cite the statute, the Notice of Removal appears to rely on diversity of citizenship, 28 U.S.C. § 1332, as the basis for subject matter jurisdiction. For the Court to have diversity jurisdiction, Defendant and Plaintiffs must be citizens of different states, and the amount in controversy must be more than $75,000. *See* 28 U.S.C. § 1332(a).

The Notice of Removal alleges that Plaintiffs are citizens of Illinois. Defendant does not allege its own citizenship. However, Defendant does allege facts from which that citizenship can be determined. That is, Defendant alleges that it is a limited liability company wholly owned by SEI Speedway Holdings, LLC, another limited liability company, and that SEI Speedway Holdings, LLC is wholly owned by 7-Eleven, Inc., a Texas corporation with its principal place of business in Texas. While the Notice of Removal goes on to allege further facts regarding the corporate ownership of 7-Eleven, Inc., those allegations are unnecessary. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. 1332(c)(1). Accordingly, Defendants have alleged sufficient facts for the Court to determine that 7-Eleven, Inc. is a citizen of Texas, and therefore, that Defendant Speedway LLC is also a citizen of Texas. *See Thomas v. Guardsmark, LLC,* 487 F.3d 531, 534 (7th Cir. 2007) (jurisdictional statement for LLC "must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well"); *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC,* 364 F.3d 858, 861 (7th Cir. 2004) (for a limited liability company, the party asserting federal court jurisdiction must allege the constituent members of the limited liability company and their citizenships, tracing the citizenship of each such member "through multiple levels" for members who in turn have members or partners). The Notice of Removal thus sufficiently alleges that Plaintiffs and Defendant are citizens of different states.

Defendant's allegation regarding the jurisdictional amount in controversy, however, is not sufficient. The Notice of Removal alleges that the matter in controversy exceeds $75,000.00. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), …

the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 § 1446(c)(2)(A)(ii). The Seventh Circuit, however, "treat[s] the amount-in-controversy threshold as a 'pleading requirement.'" *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 732 (7th Cir. 2021) (quoting *Blomberg v. Serv. Corp., Int'l*, 639 F.3d 761, 763 (7th Cir. 2011)). Thus, a conclusory allegation, such as the allegation that more than $75,000 is in controversy, is not sufficient as it fails to satisfy the plausibility pleading requirement. *See, e.g., Cellucci v. O'Leary*, No. 19-CV-2752 (VEC), 2021 WL 242806, at *2 (S.D.N.Y. Jan. 25, 2021) (citing cases). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed" the amount-in-controversy threshold of a jurisdictional statute, "then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). But the Notice of Removal does not allege any facts that plausibly explain that the amount in controversy exceeds $75,000.

Nor does the complaint contain factual allegations from which the Court could plausibly infer that Plaintiffs seeks to recovery damages in excess of the $75,000 minimum. The only allegations in Plaintiffs' complaint related to the amount in controversy are the allegations that, "as a direct and proximate cause of Defendant's negligent acts, Maria Sanchez sustained physical injuries, physical pain and mental anguish," and that she also "incurred medical and hospital expenses in connection with her injuries." [DE 1 ¶¶ 10, 11]. To remove a case based on an allegation that the jurisdictional minimum is satisfied by the plaintiff's state court complaint which neither makes a demand for a specific sum nor contains facts from which that amount can plausibly be inferred, the defendant must "receive[ ] a pleading or other paper that affirmatively and

unambiguously reveals that the predicates for removal are present. With respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought. This bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013). The *Walker* court noted that a defendant wishing to remove a complaint without such a disclosure should use other means to seek that information, such as jurisdictional requests for admission, prior to removal. *Id.* at 824 n.4. Under the standard articulated in *Walker*, even allegations of "permanent and severe personal injuries" in a state court complaint are no longer sufficient by themselves to trigger a right to remove under the diversity statute. *See Redfield v. Uthe*, No. 2:20-cv-199-TLS-JPK, 2021 WL 2451906, at *3 (N.D. Ind. June 15, 2021).

Given the importance of determining the Court's jurisdiction to hear this case, Defendant must allege a sufficient basis for concluding the amount in controversy requirement is met for this Court to assert subject matter jurisdiction over the removed state court complaint. Therefore, the Court **ORDERS** Defendant to **FILE** a supplemental jurisdictional statement on or before **February 17, 2023**.

So ORDERED this 10th day of February, 2023.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT